UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| AL ZEINY, | ) | Case No.: 5:13-CV-03585-EJD |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION TO DISMISS** |
| v. | ) | |
| | ) | |
| DAVID J. JOHNSON, et al., | ) | |
| | ) | **[Re: Docket No. 13]** |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

In this action, <u>pro se</u> Plaintiff Al Zeiny ("Plaintiff") filed a petition for a writ of mandamus against Defendants the Federal Bureau of Investigation ("FBI") and David J. Johnson, Special Agent in Charge of the FBI San Francisco division (collectively, "Defendants"), to compel Defendants to investigate alleged criminal acts taken by the Central Intelligence Agency ("CIA") against Plaintiff.  Now before the Court is Defendants' Motion to Dismiss Plaintiff's petition. Docket Item No. 13.  Having considered the parties' arguments and relevant legal authority, the Court hereby GRANTS Defendants' Motion to Dismiss.

## I.     Background

Plaintiff alleges that on August 13, 2012, while being admitted to Santa Clara Valley Medical Center ("SCVMC"), a group of "renegade agents and operatives" from the CIA attempted

1

United States District Court
For the Northern District of California

1   to take his life.  Petition of Al Zeiny ("Zeiny Pet.") 2, Docket Item No. 1.  Plaintiff was admitted to

2   SCVMC on the morning of August 13 for treatment of anxiety disorder and bipolar depression.

3   Zeiny Pet. 3, Dkt. No. 1.  Later that afternoon, "someone" decided to transfer Plaintiff to John Muir

4   Medical Center ("JMMC").  Id.  The decision surprised Plaintiff, who inquired about the reason for

5   his transfer, but received no answer.  Id.  Plaintiff believes the CIA, having prior knowledge of

6   Plaintiff's complications with the medications Risperidone and Ativan, acted in concert with

7   medical staff at SCVMC so that he would consume these medications and die during his two hour

8   transfer to JMMC.  Id. at 3-4.  According to Plaintiff, his blood pressure began to drop upon taking

9   the medications at SCVMC and his critical condition was not discovered until after his arrival to

10  JMMC, where he was rushed to the emergency room in order to save his life.  Id. at 4.  Plaintiff

11  contends that "[t]he intended plan was to allow enough time for the [Risperidone and Ativan] to

12  work so that [Plaintiff] would die in [sic] the way to JMMC."  Id.

13       Plaintiff made three attempts at seeking investigation of this matter.  First, on September

14  13, 2012, Plaintiff wrote to SCVMC inquiring about the August incident, to which he received a

15  reply letter failing to respond to his questions.  Zeiny Pet. p. 5, Dkt. No. 1.  Next, on December 12,

16  2012, Plaintiff wrote to the Department of Justice asking for a criminal investigation of the

17  incident, to which Plaintiff received an equally unsatisfactory response.  Id.  Finally, on March 8,

18  2013, Plaintiff visited the FBI office in San Francisco where he talked with and submitted a written

19  complaint to an FBI agent.  Id.  Plaintiff later updated his complaint and attempted to contact the

20  FBI on "several" occasions, receiving no response.  Id. at 5-6.  According to Plaintiff, the Special

21  Agent in Charge of the FBI is "intentionally avoiding his calls and faxes."  Id. at 6.

22       Having failed to obtain satisfactory responses to his inquiries, Plaintiff filed the instant

23  petition for a writ of mandamus on August 2, 2013.  Through this petition, Plaintiff requests that

24  this Court compel Defendants "to conduct [a] criminal investigation regarding [an] attempt to take

25  his life, to keep him informed about the progress and results of the investigation, to respond to his

26  inquiries, and to disclose all related information to [Plaintiff]."  Id.

27

28

Case No.: 5:13-CV-03585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**United States District Court**
For the Northern District of California

II.     **Legal Standard**

a.   **Rule 12(b)(1) Standard**

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file a Rule 12(b)(1) motion, which may be either facial or factual in nature. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry limited to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When a defendant makes a facial challenge, all material allegations in the complaint are assumed to be true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979). In contrast, when, as here, a defendant makes a factual challenge, the court determines whether it has jurisdiction by resolving factual disputes as to its existence; in doing so the court need not presume that the plaintiff's allegations are true. Fraley v. Facebook, Inc., 830 F. Supp. 2d 785, 793 (N.D. Cal. 2011). Rather, "once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)). In the absence of a full-fledged evidentiary hearing, however, disputed facts relevant to subject matter jurisdiction are viewed in the light most favorable to the non-moving party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). Disputed facts related to subject matter jurisdiction should be treated as they would in a motion for summary judgment. Id.

III.    **Discussion**

Plaintiff contends that this Court has jurisdiction to compel Defendants to criminally investigate his claims pursuant to the Mandamus Act, 28 U.S.C.A. § 1361 (2013), the Administrative Procedure Act ("APA"), 5 U.S.C.A. § 701 et seq. (2013), federal question jurisdiction, 28 U.S.C.A. § 1331 (2013), and the Freedom of Information Act ("FOIA"), 5

3

1  U.S.C.A. § 552 (2013).  Zeiny Pet. 1-2, Dkt. No. 1.  Defendants move to dismiss pursuant to

2  Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, contending that the

3  FBI's decision whether to investigate alleged criminal conduct is discretionary and is not subject to

4  review or to judicial compulsion.  Defendants' Motion to Dismiss p. 2, Docket Item No. 13.

5            **a.  Jurisdiction Under the Mandamus Act**

6         The Mandamus Act provides that, "[t]he district courts shall have original jurisdiction of

7  any action in the nature of mandamus to compel an officer or employee of the United States or any

8  agency thereof to perform a duty <u>owed to the plaintiff</u>."  28 U.S.C.A. § 1361 (2013) (emphasis

9  added).  Mandamus empowers the district court to compel a federal officer, employee, or agency

10  "to perform a duty owed to [a] plaintiff," however, a plaintiff must first establish that the court

11  possesses federal subject matter jurisdiction over the specific mandamus action.  <u>Nova Stylings,</u>

12  <u>Inc. v. Ladd</u>, 695 F.2d 1179, 1180 (9th Cir. 1983).  Mandamus writs are extraordinary remedies,

13  appropriate only when an officer or employee of the United States owes a nondiscretionary duty to

14  the plaintiff that is "so plainly prescribed as to be free from doubt."  <u>Du v. Chertoff,</u> 559 F. Supp.

15  2d 1049, 1052 (N.D. Cal. 2008) (quoting <u>Nova Stylings</u>, 695 F.2d at 1179).  Thus, a writ of

16  mandamus is available to compel a federal official to perform a duty only when "'(1) the

17  individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so

18  plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.'"

19  <u>Kildare v. Saenz</u>, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting <u>Patel v. Reno</u>, 134 F.3d 929, 931

20  (9th Cir. 1998)).

21         Here, Plaintiff alleges that the FBI has a duty to investigate his claims.  Courts in the Ninth

22  Circuit have consistently held that the FBI's decisions whether to investigate criminal complaints

23  are discretionary rather than ministerial.  <u>See, e.g.</u>, <u>Brown v. Mueller</u>, No. 2:12-CV-02321 KJM,

24  2013 WL 3199075, at *3-4 (E.D. Cal. June 21, 2013); <u>Morrison v. U.S. Dep't of Justice</u>, No. 5:13-

25  CV-00654 JSW, 2013 WL 1964930, at *2 (N.D. Cal. May 10, 2013); <u>Terrell v. Attorney Gen.</u>

26  <u>State of Cal.</u>, No. 5:98-CV-00219 VRW, 1998 WL 574387, at *3 (N.D. Cal. Aug. 31, 1998), <u>aff'd</u>

27  188 F.3d 515 (9th Cir. 1999).  In <u>Brown</u>, the plaintiff claimed to have a constitutional right under

28  the Mandamus Act to compel the FBI to conduct an investigation into his claims of "prison

4

Case No.: 5:13-CV-03585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

1  officials' attempts to murder [him]."  Brown, 2013 WL 3199075, at *2.  In dismissing the case on

2  Rule 12(b)(6) grounds, the court noted that "[t]here is no constitutional right to have F.B.I. officials

3  to conduct an investigation of every complaint brought to the attention of that agency."  Id. at *3.

4  Similarly, in Terrell, the district court dismissed plaintiff's complaint without leave to amend

5  asserting that there is no binding authority requiring the FBI to investigate every complaint it

6  receives, and to the contrary, courts have described the FBI's mandate as a "discretionary rather

7  than mandatory authority."  Terrell, 1998 WL 574387 at *3 (quoting Agunbiade v. United States,

8  893 F. Supp. 160, 163 (E.D. N.Y. 1995)).  Finally, in Du, the plaintiff brought suit against the

9  director of the FBI asking for a writ of mandamus to compel the FBI and other federal agencies to

10  adjudicate his naturalization application.  Du, 559 F. Supp. 2d at 1051.  The court dismissed the

11  complaint for lack of subject matter jurisdiction because the plaintiff failed to "establish the

12  existence of a nondiscretionary, ministerial duty."  Id. at 1053.  The decisions of the Ninth Circuit

13  all suggest that the FBI's decision whether to investigate Plaintiff's claims of alleged criminal

14  conduct by the CIA is plainly discretionary.  In the absence of a clear "nondiscretionary" duty,

15  Plaintiff cannot show that this Court possesses jurisdiction under the Mandamus Act.  Kildare, 325

16  F.3d at 1084.

17          In his opposition, Plaintiff asserts that despite this well-established precedent finding that

18  the FBI's duty to investigate is discretionary rather than mandatory, mandamus affords appropriate

19  judicial relief when official conduct extends beyond any rational exercise of discretion.  Plaintiff's

20  Opposition to Motion to Dismiss p. 4, Docket Item No. 20 (citing NAACP v. Levi, 418 F. Supp.

21  1109 (D.D.C. 1976)).  However, the Levi case Plaintiff cites is no longer viable precedent.  After

22  issuing the Levi decision, the same court later held that an amendment to 42 U.S.C.A. § 1981

23  effectively barred claims of discrimination against the federal government.  See William v.

24  Glickman, 963 F. Supp. 1, 4 n.4 (D.D.C. 1996) (distinguishing Levi as decided prior to amendment

25  of statute); see also 42 U.S.C.A. § 1981(c) (2013) ("The rights protected by this section are

26  protected against impairment by nongovernmental discrimination and impairment under color of

27  State law.").  Plaintiff's claim for subject matter jurisdiction under § 1981 and Levi must therefore

28  be rejected.

5

**b. Jurisdiction Under the APA and 28 U.S.C.A. § 1331**

Plaintiff also argues that this Court has subject matter jurisdiction under the APA and under 28 U.S.C.A. § 1331. Zeiny Pet. 1-2, Dkt. No. 1. Under the APA, a court has the power to review claims and "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C.A. § 706(1) (2013). However, Plaintiff's claim "can proceed only where [he] asserts that an agency failed to take a <u>discrete</u> agency action that it is <u>required to take</u>." <u>Norton v. S. Utah Wilderness Alliance</u>, 542 U.S. 55, 64 (2004) (emphasis added). Thus, a plaintiff may invoke jurisdiction pursuant to the APA only if the defendant had a duty to perform a ministerial or nondiscretionary act. <u>Id.</u> Because the FBI's decision whether to investigate alleged criminal conduct is discretionary rather than ministerial, the APA does not convey jurisdiction to compel FBI investigation in this case.

Furthermore, Plaintiff's jurisdictional claims under the APA and 28 U.S.C.A. § 1331 also must fail because neither statute provides an independent basis for jurisdiction. In <u>Staacke v. U.S. Secretary of Labor</u>, 841 F.2d 278, 282 (9th Cir. 1988), the Ninth Circuit held that the APA "does not provide an independent jurisdictional basis; it only prescribes the standards for reviewing agency action once jurisdiction is otherwise established." <u>See also</u> <u>Califano v. Sanders</u>, 430 U.S. 99, 104-05 (1977) (Supreme Court holding that the APA did not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action). Similarly, 28 U.S.C.A. § 1331 "confers jurisdiction only where a federal question is otherwise at issue" but "does not create federal jurisdiction." <u>Ellis v. Cassidy</u>, 625 F.2d 227, 229 (9th Cir. 1980). Considering that the Court has not otherwise found a basis for subject matter jurisdiction, neither the APA nor 28 U.S.C. § 1331 provides an adequate basis for Plaintiff's claims.

**c. Jurisdiction Under the Freedom of Information Act**

Plaintiff also argues that the Freedom of Information Act ("FOIA") conveys federal subject matter jurisdiction over his claims. Zeiny Pet. p. 2, Dkt. No. 1. While FOIA can, under certain

Case No.: 5:13-CV-03585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

circumstances, provide a basis for subject matter jurisdiction, it is of no avail to Plaintiff here, as

Plaintiff does not raise a FOIA claim in his Petition.[1]

### IV.    Conclusion

Based on the foregoing, Defendants' Motion to Dismiss is hereby GRANTED.
Considering the weight of precedent supporting the Court's finding that Plaintiff cannot establish
jurisdiction under the Mandamus Act because the FBI's duty to investigate is discretionary,
providing leave to amend in this case would be futile.  See Miller v. Rykoff–Sexton, 845 F.2d 209,
214 (9th Cir. 1988).  Accordingly, Plaintiff's petition is hereby DISMISSED without leave to
amend.

The Clerk shall CLOSE this file.

**IT IS SO ORDERED.**

Dated: February 24, 2014

EDWARD J. DAVILA
United States District Judge

---

[1] Plaintiff has, however, included FOIA claims in two additional actions filed in this court.  In the first, Zeiny v. United States of America, et al., Case No. 5:12-CV-02752 EJD ("Zeiny I"), Plaintiff alleged a FOIA claim arising from circumstances separate from those in this case.  The court dismissed that claim without leave to amend.  See Case No. 5:12-CV-02752, Docket Item No. 40. In the second, also entitled Zeiny v. United States of America, et al. ("Zeiny II"), Plaintiff alleges a FOIA claim arising from the same set of facts at issue in the instant petition.  Defendants have filed a motion for summary judgment on that claim; accordingly the Court will consider the merits of Plaintiff's FOIA claim upon completion of the summary judgment briefing.

7

Case No.: 5:13-CV-03585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS